833 F.2d 1022
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul MAHNKEN, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3314
 United States Court of Appeals, Federal Circuit.
 October 2, 1987.
 
 Before FRIEDMAN and DAVIS, Circuit Judges, and COWEN, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner appeals from the final decision of the Merit Systems Protection Board (MSPB), Docket No. NY075285C9027, in which the Board disallowed his claim for the time he spent in pursuit of his claim for back pay. The Board also denied his claim for $268 back pay claimed in addition to that previously paid by the agency. We affirm the Board's decision.
 
 OPINION
 
 2
 Petitioner was ordered removed from his position as a Distribution Clerk with the United States Postal Service and successfully appealed the adverse action to the MSPB, where he represented himself. In an initial decision of December 19, 1984, the presiding official found that the agency had failed to prove its charge against petitioner and ordered the agency to restore him to his position with back pay and other benefits to which he was entitled. By letter of May 30, 1986, he demanded $412.26 in full recompense of his back pay claim and this amount was paid to him by the agency's check dated June 13, 1986. He admitted receipt of the $423.55. However, he made an additional claim in the amount of $5600, which he claims is due him for 320 hours he spent in pursuant of his claim for back pay. He also alleged that he was due an additional $216.00 for certain pay periods in 1984.
 
 
 3
 In an initial decision of July 24, 1986, the administrative judge denied the claim on the ground that the $5600 claimed amounted to a pro se attorney fees claim, whereas petitioner at no time had incurred any legal fees or established any attorney-client relationship during the pendency of this case. His claim for $216.00 back pay for 1984 was also denied on the ground that he submitted no evidence in support of the claim.
 
 
 4
 The full board correctly affirmed the decision of the administrative judge because, as the Board has frequently held, it will not award attorney fees to a successful appellant who is not represented by a licensed attorney. See Horton v. United States Postal Serv., 7 M.S.P.R. 232, 234 (1981); Thomas v. Veterans Admin., 28 M.S.P.R. 664 (1985). The Board also affirmed the denial of the back pay claim of $216, and that decision is supported by substantial evidence.
 
 
 5
 In this appeal, petitioner denies that he made any claim with the MSPB for attorney fees, but asserts that he is entitled to be paid for time he spent in pursuit of his claim for back pay. However, regardless of how petitioner's claim of $5600 should be characterized, the law does not entitle a government employee to compensation for the time or effort he expends in pursuing his claim for back pay where he prevails in his appeal from an adverse agency action to the MSPB.